**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4168-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DESIRE LUSAMBA,

    Defendant-Appellant.

_____

Submitted January 5, 2021 – Decided January 20, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Accusation Nos. 12-12-1296 and 12-12-1297.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

In this appeal, we review an order that denied both defendant's post-conviction relief (PCR) petition and his motion for leave to withdraw his guilty pleas – applications that were filed five years and seven months after entry of the February 22, 2013 judgments of conviction – based on a claim that he was misadvised about the deportation consequences of his guilty pleas. We remand for an evidentiary hearing.

Defendant was charged in separate indictments in 2012 of having committed controlled dangerous substance (CDS) offenses. By way of a negotiated plea agreement, defendant pleaded guilty in January 2013 to third-degree CDS possession, N.J.S.A. 2C:35-10(a)(1), under one indictment, and third-degree CDS distribution, N.J.S.A. 2C:35-5(b)(3), under the other. During the plea hearing, defendant asserted he was a United States citizen.

At the sentencing hearing a month later, the judge asked defendant where he was born, and defendant responded "Paterson," which prompted the judge to ask him if there was "[a]ny reason" why the person preparing the presentence report "thought you were born . . . somewhere in Africa." Defendant responded that he was "born in Africa, but I'm a citizen." The judge pursued the matter further:

THE COURT: Where in Africa?

THE DEFENDANT: Zaire.

THE COURT: And you became a citizen when?

THE DEFENDANT: 2010.

THE COURT: You have a U.S. passport?

THE DEFENDANT: Yes.

THE COURT: I see you also have a naturalization certificate, right?

THE DEFENDANT: Yes.

THE COURT: Now, you told the PSI interviewer you became a U.S. citizen in 2012.

THE DEFENDANT: I'm not pretty sure – like, it was – it was – it was done through my mother, so I'm not really sure exactly what year it was done.

THE COURT: Well, 2012 is last year.

THE DEFENDANT: So (indiscernible) –

THE COURT: You appeared to reach back into the recesses of your memory.

THE DEFENDANT: That's when I knew about it.

. . . .

THE COURT: . . . One doesn't confuse a few months ago with a few years ago. It makes me doubt your

3

citizenship. And I'm not concerned, personally, with whether you're a citizen or not, but you may have lied to your lawyer and the [c]ourt when you entered your guilty plea in terms of the potential impact of this conviction on your ability to remain in the United States. I am going to require that you bring this naturalization certificate and passport to probation. If you're lying about your citizenship, the only one that's going to get hurt by that is you.

THE DEFENDANT: Yes.

THE COURT: Are you a U.S. citizen?

THE DEFENDANT: Yes.

The judge then sentenced defendant to concurrent probationary terms.

Not long after, on being arrested for marijuana possession with the intent to distribute and other related offenses, defendant was charged with a violation of the terms of his probation (VOP). The marijuana charges were downgraded to the municipal court and dismissed.

At an initial court appearance on the VOP in October 2013, defendant was given time to consult an immigration attorney and to consider whether he had an interest in moving to retract his January 2013 guilty pleas. A month later, at a second appearance on the VOP charge, with there being an ICE detainer on defendant, the judge asked defense counsel if it was his "wish to file a motion to retract . . . or are you approaching this in some other fashion?" Defendant's

4

attorney advised the court that defendant had consulted with an immigration attorney; he also represented that defendant had discussed with counsel the uncertain political situation in defendant's home country, the Democratic Republic of Congo. The judge questioned defendant, who confirmed he had misrepresented his status as a United States citizen in the plea form executed in January 2013; the judge also engaged in the following colloquy with defendant:

> Q. You do understand that this conviction and any previous ones you may have subject you to deportation from the United States?
>
> A. Yes.
>
> Q. And you are aware, there is already a detainer on you from ICE, the immigration service. Is that right?
>
> A. Yes.
>
> Q. You have consulted with an attorney . . . with regard to your immigration – the possible immigration consequences?
>
> A. Yes.
>
> Q. And are you satisfied that he's answered all of your questions with regard to your immigration situation?
>
> A. Yes.
>
>     . . . .

Q. [D]o you have any desire to meet with another immigration attorney or [the same immigration attorney] again?

A. No.

Q. You understand that your lawyer could file a motion to retract your guilty plea, which the [c]ourt might grant. It might not but it might grant [such a motion] and you would, of course, go back to the drawing board with exposure to a more severe sentence and prison term, et cetera, rather than the probationary agreement that you worked out. But you could possibly retract your pleas and decide to go to trial in the hope of being acquitted all together, et cetera. Are you aware of that?

A. Yes.

Q. . . . But it is not your wish to file a motion to retract your guilty plea on these matters . . . . Is that right?

A. Yes.

Q. And you do not want to discuss – consult with an immigration attorney further. You are satisfied to stick with the plea agreement you reached, knowing that there is an ICE detainer and that you face deportation consequences. Is that right?

A. Yes.

Q. All right. You've made that decision freely and voluntarily?

A. Yes.

Q. No one has threatened you or coerced you to take that position?

A-4168-18T1

A. No.

Q. Anyone promise you anything for taking that position?

A. No.

The judge had defendant initial a revised page of the plea agreement form to clarify defendant's position that he was not a United States citizen. The matter was concluded with the judge continuing the original probationary terms.

Defendant took no other action until he filed a PCR petition and a motion to be permitted to retract his guilty pleas in October 2018, more than five years after entry of the judgments of conviction. Although the judge held that the PCR petition was untimely and that defendant failed to demonstrate excusable neglect, see R. 3:22-12, he proceeded to consider the merits of defendant's arguments and concluded that the PCR petition and the motion to retract the guilty pleas were without merit. The judge's rationale for denying defendants' applications was expressed in a written opinion, and a memorializing order was entered on May 20, 2019.

Defendant appeals the May 20, 2019 order, arguing through counsel that (1) he is entitled to an evidentiary hearing on his claim that trial counsel rendered

ineffective assistance of counsel by failing to inform him adequately of the deportation consequences of his plea, and (2) his "guilty plea must be set aside."[1]

As to the first point, the judge concluded that the claim of ineffectiveness had no merit because defendant had not established the first Strickland/Fritz[2] prong; he did not reach the second prong. We agree with that part of the judge's ruling when he rejected the argument that counsel was ineffective during the period of time defendant asserted he was a United States citizen; according to the judge – and we agree – such an argument, if sustained, would impose on defense counsel an unreasonable "sixth sense" by holding him to a standard of being able to "sniff out" that defendant had not been honest about his claim to citizenship when originally entering his guilty pleas.

But there is another aspect of defendant's argument that warrants further factual development. Defendant argues that his attorney failed to properly advise him about immigration consequences once it was revealed he was not a

---

[1] Defendant filed a pro se supplemental brief that presents an argument similar to the first point.

[2] Strickland v. Washington, 466 U.S. 668, 694 (1984) (defining federal constitutional claims of ineffectiveness as requiring proof that counsel's performance fell below an objective standard of reasonableness, and, but for that breach, there was a reasonable probability that the result of the proceeding would have been different); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test for state constitutional claims of ineffectiveness).

United States citizen. In that regard, defendant claims his attorney told him that, while he would have to "face" ICE about his situation, there was a potential for his remaining in this country because of unrest in his home country. Defendant argues that this was "misadvice" and sufficiently supports his ineffectiveness claim. "Misadvice" about a defendant's immigration status upon entry of a guilty plea supports an ineffectiveness claim even under legal principles preceding the Supreme Court's landmark Padilla decision.[3] See State v. Nuñez-Valdèz, 200 N.J. 129, 131 (2009).

But defendant's statements in support of his PCR petition disavowed what he said, under oath, when responding to the judge's questions about deportation on the earlier occasions. During the VOP proceeding, the judge asked defendant whether he had met with an immigration attorney, and defendant said he had; the attorney was, in fact, mentioned by name. In seeking relief on his PCR petition, defendant asserted he never met that attorney. And there are numerous other inconsistencies between defendant's factual claims at the PCR stage and the statements he made during the plea hearing and at the VOP hearing. Those inconsistencies, however, do not permit the rejection of one factual version and

---

[3] Padilla v. Kentucky, 559 U.S. 356 (2010).

the adoption of another without further exploration at an evidentiary hearing. We, thus, remand for such a hearing.

The judge also denied defendant's motion to retract his guilty pleas, finding none of the Slater[4] factors supported relief.  The judge held:

> As to the first factor, the existence of a "colorable claim of innocence[,]" the [d]efendant's brief states tersely that "[t]he [d]efendant cannot claim innocence." . . . The second factor, the nature and strength of [d]efendant's reason for withdrawing his . . . guilty pleas that is, his own misrepresentations as to his citizenship status solely because his attorney did not figure out then that he was lying about it, is a very weak argument at best.  Should the [d]efendant's own untruths now serve to benefit him?  The [c]ourt does not think so.
>
> The third factor, the existence of a plea agreement, certainly favors the State.  As to factor four, it is almost inherently a prejudice to the State and it would be a potentially unfair advantage to the [d]efendant to allow the retraction of his guilty pleas more than six years later in terms of the potential impact on the ability of the State's witnesses to identify the [d]efendant and to recall facts.
>
> [Footnote and citations omitted.]

We find insufficient merit in defendant's arguments about his Slater application to warrant further discussion in a written opinion, R. 2:11-3(e)(2),

---

[4] State v. Slater, 198 N.J. 145 (2009).

and affirm substantially for the reasons set forth by the judge in his written opinion.

Affirmed in part; vacated in part; and remanded for an evidentiary hearing on defendant's PCR petition. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION